

FILED

DEC 19 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Ronner L. Rinconces,                    Case No.: 3:18-Cr-05051-JLS-1
Petitioner,

v.

United States of America,
Respondent.

PETITIONER'S MEMOANDUM OF LAW IN SUPPORT OF
PETITION TO VACAT, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255

Petitioner, Ronner L. Rinconces files his memorandum of law in
in support of his petition to vacate, set aside or correct sentence
pursuant to 28 U.S.C. 2255. Good cause exists to entertain and grant
the requested relief, or allternatively a prompt evidentiary hearing
should be convened.

A. the legal standard governing ineffective assistance of counsel
claims in a habeas proceeding are well-settled.

The standard for ineffective assistance of counsel "requires a
showing of both deficient performance by counsel and prejudice. **Ellis
v. Harrison**, 891 F.3d 1160, 1164 (9th Cir. 2018)(citing Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Sixth Amendment's guaranteee of counsel exists not to improve
the quanlity of legal representation but "simply to ensure that criminal
defendants receive a fair trial." **Collin v. Pinolster**, 563 U.S. 170,131
S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)( citing Strickland, 466 U.S.
at 684). Accordly, "[t]he bench mark for judging for judging any claim
of ineffectiveness must be whether counsel's conduct so undermined the

1

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." **Lafler v. Cooper**, 566 U.S. 156, 132 S.Ct. 1376, 1388, 182 L.Ed.2d 398 (2012)(alternative in original). (Strickland, 466 U.S. at 386).

Under the "deficient performance prong" of Strickland's two-prong test, a defendant challenging his criminal conviction must show that counsel's representation 'fell below an objective standard of reasonableness." **Strickland**, 466 U.S. at 687-91. The defendant has the burden of proving he was deprived of effective assistance of counsel. **Strickland**, 466 U.S. at 687-96. In so doing, the defendant must overcome the strong presumption that defence counsel's performance fell within the wide range of reasonably professional assistance. **Strickland**, 466 U.S. at 689.

"[L]egal representation violates the Sixth Amendment if it falls "below an objective standard of reasonableness' as indicated by 'prevailing professional norms,' and the defendant suffers prejudice as a result." **Chaidez v. United States**, 131 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2003)(quoting Strickland, supra.)

The second prong of Strickland, "prejudice prong," requires the defendant to show deficient performance of his attorney actually prejudice the defendant. **Strickland**, 466 U.S. at 694.

In establising prejudice, the defendant must show "the is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Pinholter**, 131 S.Ct. at 1403 (citing Strickland, 466 U.S. at 694). Although prejudice may be determined if a defendant shows that counsel's deficient performance coused the outcome to be unreliable or the proceeding to be fundamentally unfair does not result in the ineffective-

ness of counsel does not "deprive the defendant of any substantive or procedural right which the law entitled him." **Lockhart v. Fretwell**, 506 U.S. 364, 372, 113 S.Ct. 508, 122 L.Ed.2d 180 (1993). The reasonableness of counsel's actionis judged from counsel perspective at the time of the alleged error in light of all circumstances. **Kimmelman v. Morrison**, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); **Strickland**, 466 U.S. at 689.

The negotiation of a plea bargain is "a critical phase of litigation for the purpose of the Sixth Amendment right to effective assistance of counsel. **Missouri v. Frye**, 566 U.S. 134, 141, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012)(quoting Padilla v. Kentucky, 599 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).    If counsel misadvised a defendant about about the law during a plea negotiation or improperly coerced a defendant to accept a plea bagain, counsel's performance may be found difient. See **Lafler, supra** (stating that defendant have a Sixth Amendment right to counsel during the plea bargaining process).

The Sixth Amendment guarantee to effective assistance of counsel also applies to appeal. See, e.g., **Halbert v. Michigan**, 545 U.S. 605, 125 2582, 162 L.Ed.2d 552(2005); **Evitts v. Lucely**, 469 U.S. 387, 105 S.Ct. 830, 80 L.Ed.2d 821 (1985). The proper standard for evaluating a claim of ineffective assistance of counsel is the enunciated in Strickland. See **Smith v. Murray**, 477 U.S. 527, 535-36, 106 S.Ct. 2661 91 L.Ed.2d 434 (1986)(applying Strickland to claim of attorney, error on appeal.)

**B.** Defendant did not file an appeal. His time for failing a notice of appeal expired 14 days after entering of judgment. Fed.R.App.P. 4-(b)(1)(A), which is the judgment "is entered on the criminal docket."

3

Fed.R.App.P. 4(b)(6); see also CRDE# 105. Here, judgment was entered July 20, 2022. Accordingly, Petitioner had until August 3, 2022 to file a notice of appeal. because he did not do so, his conviction became final of August 3, 2022. Accordingly, his one year to file a motion to vacate commenced runing August 3, 2022 and expired on August 3, 2023, See **United States v. Gilbert**‖ 807 F.3d 1197, 1199 (9th Cir. 2015).

A § 2255 motion is an acceptable vehicle through which to raise initial claims of ineffective assistance of trial and appellate counsel. **Massaro v. United States**, 538 U.S. 500, 503-04, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

C. In reviewing a pro se [§ 2255 motion] the court must accept all factual allegations in the [§ 2255 motion] as true and take them in the light must avorable to the pro se [petitioner]. **Erickson v. Pardus**, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A court must employ less strigent standard when considering pro se pleadings that when judging the work product of an attorney. **Haines v. kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 894, 30 L.Ed.2d 652 (1972).

D. The district court must first conduct a prelinary review of a § 2255 motion, and "[i]f it plainly appears from the motion, any attached Appendixs; and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 proceedings. Rule 4(b). If the motion raises a nonfrivolous claim for relief, the court must order the Government to file a response or take other appropriate action. Id. The judge may than require the parties to expand the record as necessary and, if good cause is shown authorize limited discovery. Rule Governing Section 2255 Proceedings. Rule 6-7.

**E.** "When a district court review a § 2255 habeas
motion, "[u]nless the motion an the files and records of the case
conclusively show that the prisoner is entitled to no relief, the
court shall ... grant a prompt hearing thereto, determine the issues
and findings of fact and conclusion of law with respect thereto."
**United States v. Wither**, 638 F.3d 1055, 1062 (9th Cir. 2011)(quoting
28 U.S.C. § 2255(b)). "In determining whether a hearing and findings of
fact and conclusion of law are required, '[t]he standard essentially is
whether the movant has made specific factual allegations that, if true,
state a claim on which relief could be granted." (quoting United States
v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). "Under this standard,
a district court may summarily dismiss a § 2255 motion only if the
allegations in the motion, when reviewed against the record, do not
do give raise to a claim for relief or are palpably increadible or
patently frivolous.'" Id. at 1062-63 (quoting Schaflander, 743 F.2d at
717). "Section 2255 requirss only that the district court give a claim
careful consideration and plenary processing including full opportunity
for presentation of the relevant facts." **Shah v. United States**, 870 F.2d
1156, 1159 (9th Cir. 1989)(citation omitted).

Evidentiary hearing are particularly appropriate when "claims raise
facts which occurred out of the courtroom and off the record." **United
States v. Burrows**, 872 F.2d 915, 917 (9th Cir. 1989); accord **Frazer v.
United States**, 18 F.3d 778, 781 (9th Cir. 1994); **Daganiere v. United
States**, 914 F.2d 165, 168 (9th Cir. 1990). An evidentiary hearing is
mandatory in a § 2255 petition if there is a factual dispute that could
afford the petitioner relief if found to be true. **United States v. Chacon-
Palomones**, 208 F.3d 1157, 1159 (9th Cir. 2000). A petitioner must "allege

5

specific facts which, if true, would entitled him to relief." **United States v. rodriguez**, 347 F.3d 818, 824 (9th Cir. 2003)(internal quotation marks and citation omitted).

**F. Under the mailbox** rule, the court deems petitions filed on the date petitioner handed a petition to prison authorities for mailing. **Houston v. lack**, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 Led.2d 245 (1988); **Porter v. Ullison**, 620 F.3d 952, 958 (9th Cir. 2010); **Campbell v. Henry**, 614 F.3d 1056 (9th Cir. 2010)(applying the mailbox rule to both state and federal filing by incarcerated inmates).

**G.** "Judicial records are sources of reasonably indisputable accuracy' when they record some judicial acts, such as dismissing an action, granting a motion, or finding of facts. Courts can properly notice judicial acts for the purposes of acting upon them." 2113 Charles, Alan & Wright, et. al. Federal Practice and Procedure § 5106.4 (2d ed. 2005)(foot note omitted). Fed.R.Evid. 201(b); **While v. Martel**, 601 F.3d 882, 885 (9th Cir. 2010).

**H.** Documents attached or incorporated to this memorandum of law in support are designated as Defendant's Appendix(s) followed by an assigned letter.

**I.** Reference to the Criminal Procedure will be designated as Criminal Docket Number (CRDE#) followed by the docket number assigned and page number(s).

A category of petition usually involve credibility most likely requires an evidentiary hearing in open. When the issues are one of credibility, resolution on the basis of affidavits can rarely be conclusiveed against the Defendant. He is entitled to a prompt evidentiary hearing to fully develop factual facts currently outside the official records.

Defendant is entitled to the doctrine and binding procedures established by both the Supreme Court and the Ninth Circuit and requests that the Honorable Court apply it to each distinct claim presented below:

> I. COUNSEL RENDERED INEFFECTIVENESS FOR FAILING TO CHALLENGE THE CALCULATION OF HIS BASE OFFENSE LEVEL UNDER THE UNITED STATES GUIDELINES, THAT PETITIONER WAS WRONGLY ASSESSED A LEADERSHIP ROLE FOR HIS ROLE IN THE OFFENSE.

Jeremy Delicino was ineffective for failing to object to or correct the guideline calculation error. Defendant's leadership role adjustment in error, and counsel was ineffective in failing to object to this error at sentencing. And failed to argue that he was wrongly assessed a leadership enhancement for his role in the offense under § 3B1.1(a).

The law regarding ineffective assistance of counsel is well-established A two-prong test has been articulated in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which held that to establish a claim of ineffective assistance of counsel, a petitioner must show both defient performance by counsel (the "incompetence prong") and that such deficient performance prejudiced his defense (the "prejudice prong") Id. at 687.

To demonstrate deficient performance by counsel, or the incompetence prong, Defendant must show his counsel performance was outside the wide range of professional competent assistance. Id. at 690. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel thar alleged, not to have been the result of reasonable professional judgment." Id. at 690. He must show that his counsel's performance failed to meet an objective standard of reasonableness. Id. at 689.

Under the prejudice prong, the defendant "must show there is a

reasonable propability for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. That is, he must demostrate "that counsels errors were so serious as to deprive [him] of a fair trial." Id. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of criminal proceeding if the error had no effect on the judgment." Id. at 691.

The defendant asserts that counsel's performance was deficient because counsel failed to object and make a record for appellate purposes, to the aggravating role enhancement applied under Section 3B1.1(c) of the Sentencing Guidelines. Section 3B1.1 provides:

> Based on the defendant's role in the offense, increase the offense level as follows:
> (a) If the defendant was an orginarize or leader of a criminal activity that involve five or more participant or was otherwise extensive, increase by 4 levels.
> (b) If the defendant was a manager or supervisor (but not an organizeror leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
> (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2-level. U.S. Sentencing Guidelines Manual § #B1.1 (U.S. Sentencinf   Comm's 2015)(emphasis in oroginal)

The Strickland two-prong analysis applies to ineffective assistance of counsel challenges concerning sentencing. See **Daire v. Lattimire**, 812 F.3d 766, 767-68 (9th Cir. 2016)( first citing Glover v. United States, 531 U.S. 198, 203-04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); and than citing Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)).

Defendant is entitled to relief, or alternatively an evidentiary hearing is warranted.

## II. COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL FOR IGNORING DEFENDANT'S DERICTIVE TO FILE AN APPEAL TO RAISE CLAIN I, SUPRA.

At the conclusion of defendant's sentencing proceeding he advised counsel to file an appeal. Counsel performant deficiently for ignoring his directive to file an appeal. His right to appeal should be restored. See **Appendix: A.**

It has long been settled "that a lawyer who disregards specific instruction from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." **Roe v. Flores-Ortega**, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)(citing Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 28 L.Ed.2d 340 (1969)) "[T]his is so because a defendant who instruct counsel to initiate an apeal reasonably relies upon councel to file the necessary notice. Counsel'a failure to do so cannot be considered a strategic decision; filing a notice is a purely ministerial task and the failure to file reflects in-attenttion to the defendant's wishes." Id. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an apeal the he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." **Flores-Ortega**, 528 U.S. at 484.

"[T]he presumption of prejudice recognized in Flres-Ortega applies regardless of whether the defendant has signed an appeal waiver." **Garza v. Idaho,** 139 S.Ct. 738, 742, 203 L.Ed.2d 77 (2019). "[W]hen counsel fails to fill a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit." **Peguero v. United States**, 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999).

Counsel had a duty to consult with the Defendant, Counsel failed to fullfiled that duty. Based on the specific facts and circumstances in this case, did not sufficiently consult with him regarding the merits and issues for appeal. See **United States v. Cong Van Pham**, 722 F.3d 320, 324 (5th Cir. 2013)(finding counsel had not sufficiently consulted where at most, Counsel discussed an appeal in the abstract and even then did not so only before the sentencing was pronounced," and, post sentencing, counsel "neither mentioned the possibility of an appeal at all nor may any effort to discover the defendant's wishes in that regard); **Dillard v. United States** No. 3:16-CR-116-L-2, 2019 U.S. Dist. Lexis 225853, 2019 WL 7759069, * 3-4 (N.D. Tex. July 31, 31, 2019), recommendation adopted as modified, 2020 U.S. Dist. Lexis 13603, 2020 WL 434472 (N.D. Tex. jan. 29, 2020) While counsel discussed with defendant the right to appeal before sentencing, counsel was ineffective in failing to consult with the defendant post-sentencing to ascertain whether the defendant desired to file an appeal or to discuss his disappointment with the lengh of his sentence and weigh the pros and cons of an appeal).

The Ninth Circuit has held that "prejudice necessary arises when a lawyer disregards an expires instruction to file an appeal." **Thorward v. Knowles**, 220 Fed. Appx. 728, 729 (th Cir. 2007)(unpublished). Where a defendant asks his lawyer to appeal and his lawyer does not do so, even where the defendant has waived his right to appeal, the lawyer has provided ineffective assistance of counsel. **United States v. Sandoval-Lopez**, 409 F.3d 1193, 1197 (9th Cir. 2004).

An attorney failure to file an appeal where there is clear instruction by the defendant to do so establishes deficient performance and prejudice even if there is a valid appeal waiver. **Sandoval-Lopez**, 409 F.3d at 1197.

As the Supreme Court explained in Flores-ortega, supra, "a lawyer who disregard specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." "The prejudice ... is that the defendant lost his chance to file an appeal, not that he lost a favorable result that he has obtained by appeal." **Sandoval-Loves**, 409 F.3d at 1197. Thus, a valid waiver does not prevent a movant from establishing prejudice. The Ninth Circuit acknowledges that this result is counterintuitive. Id. at 1197.

Defendant has, therefore demonstrated prejudice as required by the standard set forth ib Roe, 528 U.S. at 484. He is entitled to a resentence, or alternatively an evidentiary hearing is warranted. An evidentiary hearing is required to allow  the record to be supplemented and to resolve the factual disputes regarding ineffective assistance of counsel before the court can determine the merits of the claim. See **United States v. leonth**, 326 F.3d 1111, 1122 (9th Cir. 2003)(holding that an evidentiary hearing was required "to resolve numerous factual issues upon which [Wilson's] ineffective assistance of counsel claim dependeds.").

## CONCLUSION

Wherefore, for the aforesaid reasons, Defendant respectfully avers that the Honorable Court grant his petition in it entirely pursuant to 28 U.S.C. § 2255 or alternatively a prompt evidentiary would aid the decision process with any ambiguity in the current record.

I, Ronnier Rinconces declare under the penalty of perjury that the aforesaid factual facts are accurrate and true to the best of my own personal knowledge and participation with Attorney Delicino pursuant

28 U.S.C. § 1746. Executed on this 6th day of December, 2022. I handed this petition to prison authorities for mailing to the court utilizing the legal mail system provided to prisoners on this 6th day of December, 2022. See Campbell, 614 F.3d at 1056.

Respectfully submitted,

Ronner L. Rineonce-odreman
MCFP-Springfield
Reg. No.: 17841-104
P.O. Box 4000
Springfield, Mo 65801

Ronner L. Rincones-Odreman
_____
NAME OF MOVANT
17841-104
_____
PRISON NUMBER

MCFP-Springfield
_____
PLACE OF CONFINEMENT

P.O. Box 4000
_____
ADDRESS

```
┌─────────────────────────────────┐
│          FILED                   │
│   ┌──────────────────────┐       │
│   │   DEC 1 9 2022        │       │
│   └──────────────────────┘       │
│   CLERK, U.S. DISTRICT COURT     │
│  SOUTHERN DISTRICT OF CALIFORNIA │
│  BY         pak         DEPUTY   │
└─────────────────────────────────┘
```

# United States District Court
# Southern District Of California

UNITED STATES OF AMERICA

v.

Ronner L. Rincones0Odreman  ,
_____
(NAME UNDER WHICH MOVANT WAS CONVICTED)
                                **Movant**

Civil No. _____
             (TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)


**MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE**

UNDER 28 U.S.C. § 2255
BY A PERSON IN FEDERAL CUSTODY

---

1. <u>Information regarding judgment of conviction under attack:</u>

   (a) Name and location of court which entered the judgment of conviction you are challenging:
   Southern District of California, 333 Braodway, Suite 420, San Diego, Ca 92101

   (b) Name of Judge who entered the judgment of conviction (if you know):
   Janis L. Sammartino

   (c) Criminal case number of conviction (if you know): 3:18-CR-05051-JLS-1

2. Date of judgment of conviction: 7/15/22

3. Length of sentence: 168 months

4. Nature of offense involved (all counts) Count-1, conspiracy to possess with intent

§ 2255 SDForm--(Rev. 10/15)

to distribute cocaine on board a vessal, in violation of 21 U.S.C.

§ 846,

5. What was your plea? (CHECK ONE)

(a)  Not guilty       ☐
(b)  Guilty          ☒
(c)  Nolo contendere (no contest) ☐

It you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____N/A_____

6. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)

☐ Jury         ☒ Judge only

7. Did you testify at the trial?

☐ Yes  ☒ No

8. Did you appeal from the judgment of conviction?

☐ Yes  ☒ No

9. If you did appeal, answer the following:

(a)  Name of court _____N/A_____
(b)  Case Number (if known) _____
(c)  Result _____
(d)  Date of result (if known) _____
(e)  Grounds raised: _____
_____
_____
_____
_____

(f)  Did you file a petition for certiorari in the United States Supreme Court?
☐ Yes  ☒ No
If "Yes," answer the following:

(1) Case number (if you know: ___N/A_____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Grounds raised: _____

_____

_____

_____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

□ Yes   ☒ No

11. If your answer to 10 was "Yes," give the following information:

(a)(1) Name of court _____N/A_____

(2) Case number (if you know): _____

(3) Nature of the proceeding: _____

(4) Grounds raised: _____

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?

□ Yes  □ No

(6) Result: _____N/A_____

(7) Date of result (if you know): _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court ____N/A_____

(2) Case number (if you know): _____

(3) Nature of the proceeding: _____

(4) Grounds raised: _____

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?

□ Yes  □ No

(6) Result: _____

§ 2255 SDForm--(Rev. 10/15)                    -3-

(7) Date of result (if you know): __N/A__

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.      □ Yes  □ No

(2) Second petition, etc.   □ Yes  □ No

(d) If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not: __N/A__

_____

_____

_____

_____

_____

_____

12. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** If necessary, you may attach pages stating additional grounds and facts supporting same. CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** __Counsel was ineffective for failing to challenge the calculation of defendant's offense level on a leadership role.__

**(a) Supporting FACTS** (state *briefly* without citing cases or law) _____

__See enclosed memorandum of law in support detailing this claim.__

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground One:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes  ☒ No

    (2)   If you did not raise this issue in your direct appeal, explain why: _____
        Ineffective assistance can only be raied on § 2255 motion.
        See attached memorandum of law detailing this claim.

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition or application?

        ☐ Yes  ☒ No

    (2)  If your answer to (c)(1) is "Yes," state:

        Type of motion or petition: _____N/A_____
        Name and location of court where motion or petition was filed: _____
        Case number (if you know): _____
        Date of the court's decision: _____
        Result (attach a copy of the court's opinion or order, if available): _____

    (3)  Did you receive a hearing on your motion, petition or application?

        ☐ Yes  ☐ No

    (4)  Did you appeal from the denial of your motion, petition, or application?

        ☐ Yes  ☐ No

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        ☐ Yes  ☐ No

    (6)  If your answer to Question (c)(4) is "Yes," state:

        Case number (if you know): _____
        Date of court's decision: _____
        Result (attach a copy of the court's opinion, if available): _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal

or raise this issue: _____
_____
_____
_____

**GROUND TWO:** Counsel ‖as ineffective for failing to file an appeal
notice. _____

_____

**(a) Supporting FACTS** (state *briefly* without citing cases or law): _____
See attached memorandum of law in support detailing the detail of
this claim. _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

(b) **Direct Appeal of Ground Two:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        ☐ Yes  ☒ No

    (2)  If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel must be raised on § 2255 MOTION.

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition or application?

        ☐ Yes  ☒ No

    (2)  If your answer to (c)(1) is "Yes," state:

        Type of motion or petition: _____
        Name and location of court where motion or petition was filed: _____
        Case number (if you know): _____

Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____
_____

(3)  Did you receive a hearing on your motion, petition or application?

☐ Yes  ☐ No

(4)  Did you appeal from the denial of your motion, petition, or application?

☐ Yes  ☐ No

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

☐ Yes  ☐ No

(6)  If your answer to Question (c)(4) is "Yes," state:

Case number (if you know): _____
Date of court's decision: _____
Result (attach a copy of the court's opinion, if available): _____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____
_____
_____
_____
_____

**GROUND THREE:**   n/a _____
_____
_____

**(a)  Supporting FACTS (state *briefly* without citing cases or law):** _____
N/A
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

§ 2255 SDForm--(Rev. 10/15)                    -7-

_____

_____

(b)  **Direct Appeal of Ground Three**:

   (1)   If you appealed from the judgment of conviction, did you raise this issue?

      ☐ Yes  ☐ No

   (2)   If you did not raise this issue in your direct appeal, explain why: _____

      _____

      _____

(c)  **Post-Conviction Proceedings:**

   (1)   Did you raise this issue in any post-conviction motion, petition or application?

      ☐ Yes  ☐ No

   (2)   If your answer to (c)(1) is "Yes," state:

      Type of motion or petition: _____

      Name and location of court where motion or petition was filed: _____

      Case number (if you know): _____

      Date of the court's decision: _____

      Result (attach a copy of the court's opinion or order, if available): _____

      _____

   (3)   Did you receive a hearing on your motion, petition or application?

      ☐ Yes  ☐ No

   (4)   Did you appeal from the denial of your motion, petition, or application?

      ☐ Yes  ☐ No

   (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      ☐ Yes  ☐ No

   (6)   If your answer to Question (c)(4) is "Yes," state:

      Case number (if you know): _____

      Date of court's decision: _____

      Result (attach a copy of the court's opinion, if available): _____

   (7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

**GROUND FOUR:** N/A _____

_____

_____

**(a) Supporting FACTS** (state *briefly* without citing cases or law): _____

N/A
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**(b) Direct Appeal of Ground Four:**

    (1)   If you appealed from the judgment of conviction, did you raise this issue?

        □ Yes  □ No

    (2)   If you did not raise this issue in your direct appeal, explain why: _____

        _____

        _____

**(c) Post-Conviction Proceedings:**

    (1)   Did you raise this issue in any post-conviction motion, petition or application?

        □ Yes  □ No

    (2)   If your answer to (c)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of court where motion or petition was filed: _____

        Case number (if you know): _____

        Date of the court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

        _____

    (3)   Did you receive a hearing on your motion, petition or application?

        □ Yes  □ No

    (4)   Did you appeal from the denial of your motion, petition, or application?

        □ Yes  □ No

    (5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

☐ Yes ☐ No

(6) If your answer to Question (c)(4) is "Yes," state:

Case number (if you know): _____

Date of court's decision: _____

Result (attach a copy of the court's opinion, if available): _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds were not presented, and what are your reasons for not presenting them:

_____

_____

_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
☐ Yes  ☒ No

If "Yes," state the name and location of the court, the case number, the type of proceeding and the issues raised: _____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Jeremy Delicino, 550 West C St., Suite 620, Sandiego, Ca 92101

(b) At arraignment and plea Same as above

(c) At trial ___ N/A
          sAME AS ¶ A.

(d) At sentencing sAME AS ¶ a.

(e) On appeal ___ n/a

(f) In any post-conviction proceeding N/A pro se.

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
          N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes   ☒ No

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
☐ Yes   ☒ No
(a) If so, give name and location of court which imposed sentence to be served in the future: ____
_____
(b) Give date and length of the above sentence: _____
_____
(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes   ☐ No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C. § 2255 does not bar your motion.
See attached memorandum
_____
_____
_____
_____
_____
_____

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

12/6/22
_____          _____
(DATE)                            SIGNATURE OF PETITIONER

**APPENDIX: A**

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

Ronnier Rinconces,                          Case No.: 3:18-CR-05051-JLS-1
Petitioner,

v.

United States of America,
Respondent.

### SWORN DECLARATION OF
### RONNIER RINCONCES

I, Ronnier Rincones swear and declare that the foregoing statements are accurate and true to the best of my personal knowledge, and involvement with Attorney Jeremy Delicino.

1. Upon the conclusion of my sentencing proceeding I advised Delicino to file an appeal. He failed to do so. he failed to visit me after the sentencing to discuss, apprise and consult withme about the right to file an appeal.

2. Attorney Delicino failed to object, challenge, or correct the guideline calculation error of classifying Rinconces as a leader under §3B1.1(a).

I, Ronnier Rincones declare under the penalty of perjury that the foregoing statements, and discussions with Attorney Jeremy Delicino pursuant to 28 U.S.C. § 1746. Executed on this 6th  day of December, 2022.

Ronnier Rinconces